[Cite as *Wing v. Haaff*, 2016-Ohio-8258.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

DALLAS WING,                                    :        APPEAL NO. C-160257
                                                         TRIAL NO. A-1402100
    Plaintiff-Appellant,                   :

                                                         *O P I N I O N.*
  vs.                                           :

ERIC HAAFF, M.D.,                               :

   and                                      :

TRI-STATE UROLOGICAL                            :
SERVICES, P.S.C., INC., d.b.a. THE
UROLOGY GROUP,                                  :

   Defendants-Appellees,                    :

   and                                      :

BETHESDA HOSPITAL, INC., d.b.a.                 :
BETHESDA NORTH HOSPITAL,
                                                :
   and
                                                :
TRI-HEALTH INC.,

   Defendants.                              :


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  December 21, 2016


*F. Harrison Green Co., LPA,* and *F. Harrison Green,* for Plaintiff-Appellant.

*Calderhead, Lockemeyer & Peschke Law, Stephanie P. Franckewitz* and *David S. Lockemeyer,* for Defendants-Appellees.

**MOCK, Judge.**

{¶1}   On July 15, 2015, the jury in this medical-malpractice action returned a verdict in favor of plaintiff-appellant Dallas Wing for $30,000.  The judgment entry was signed by the parties and entered by the court the same day.  It does not appear from the record that the judgment was served on the parties by the clerk.  On August 12—28 days after the judgment was entered—defendants-appellees Eric Haaff, M.D., and Tri-State Urological Services, P.S.C., Inc., d.b.a. The Urology Group (hereinafter "appellees") filed a combined motion for judgment notwithstanding the verdict and a new trial pursuant to Civ.R. 50 and 59.  Two days later, Wing filed his own motions for judgment notwithstanding the verdict and a new trial.  Appellees subsequently withdrew their motion.  The trial court denied Wing's motions as untimely.

{¶2}   In two assignments of error, Wing now appeals.  Wing first argues that the trial court improperly concluded that his post-trial motions were untimely.  He then argues that the motions substantively had merit and should have been granted.  We conclude that the trial court properly determined that the motions were untimely.

{¶3}   In his first assignment of error, Wing claims that the trial court incorrectly found that his motions were untimely.  In support of that argument, he cites Civ.R. 58(B), which states that "[w]ithin three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket.  Upon serving the notice and notation of the service in the appearance docket, the service is complete."  He argues that "[s]ince the entry of judgment was not notified [sic], service was never completed for the time for filing the Motion for new trial and JNOV to run out."

2

{¶4}     As it relates to motions for judgment notwithstanding the verdict, Civ.R. 50(B) states that "not later than twenty-eight days after entry of judgment, a party may serve a motion to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with the party's motion * * *." Likewise, Civ.R. 59(B) states that a motion for a new trial "shall be served not later than twenty-eight days after the entry of the judgment."

{¶5}     The problem with Wing's argument is that neither Civ.R. 50 nor Civ.R. 59 make reference to Civ.R. 58(B) with regard to the deadline for filing the motions.  While Wing attempts to draw parallels from cases involving the filing of a notice of appeal, App.R. 4(A)(3) specifically states that a clerk's failure to mail a judgment pursuant to Civ.R. 58(B) will toll the time for filing an appeal.  *See* App.R. 4(A)(3).  So, unlike the cases involving the filing of an appeal, there is no authority in the rules for tolling the deadline for filing motions pursuant to Civ.R. 50(B) or 59(B).

{¶6}     In fact, both rules expressly state that the time is to commence upon the entry of judgment.  While Wing argues that "service was never completed for the time for filing the Motion for new trial and JNOV to run out," he ignores the fact that the 28-day period doesn't commence with the completion of service, it commences with entry of the judgment.

{¶7}     There is no provision for extending the deadline for filing a motion for judgment notwithstanding the verdict or for a new trial.  While Civ.R. 6 contains a provision that provides ways for the trial court to extend certain deadlines, it expressly excludes extending the time for taking action under Civ.R. 50(B) or Civ.R. 59(B) "except to the extent and under the conditions stated in them."  Civ.R. 6(B). Neither Civ.R. 50(B) nor Civ.R. 59(B) contains a provision for allowing motions to be filed beyond 28 days after the entry of judgment.

{¶8}    The plain language of both Civ.R. 50(B) and 59(B) requires motions challenging a judgment to be filed within 28 days of the entry of the judgment. Wing's motion was filed outside that period, and the trial court properly determined that it was untimely.   We therefore overrule Wing's first assignment of error. Because we have concluded that the motions were untimely, Wing's second assignment of error, addressing the merits of his motions, is rendered moot.   We affirm the judgment of the trial court.

Judgment affirmed.

**FISCHER, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.